### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | |
|---|---|
| **ARCH ADAMS,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL CASE NO.** |
| **ABEO NORTH AMERICA, INC.,** | |
| **Defendant.** | |

### COMPLAINT

COMES NOW Arch Adams ("Adams") and files this Complaint against ABEO North America, Inc. ("ABEO") (collectively, the "Parties").

### PARTIES AND JURISDICTION

1.     Adams is an individual resident of the State of Georgia.

2.     ABEO is a corporation organized and existing under the laws of the State of Delaware.

3.     This Court will have personal jurisdiction over ABEO upon service of its registered agent Registered Agent Solutions, Inc., located at 9 E. Loockerman St., Suite 311, Dover, Delaware 19901.

1

4.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because ABEO has sufficient contacts in the district and division of this Court.  In addition, pursuant to a Purchase and Sale Agreement executed on October 31, 2018, attached hereto as Exhibit A (hereafter "PSA"), the Parties agreed that venue is proper in "the Federal Courts of the United States of America." *See* PSA, Section 8.08(b).

## FACTUAL BACKGROUND

6.    Fun Spot Manufacturing, LLC, a Delaware limited liability company (hereafter "New Fun Spot") manufactures and sells trampoline systems and related equipment to businesses that operate indoor trampoline parks ("Parks").

7.    Another limited liability company, organized under the laws of Georgia and also named Fun Spot Manufacturing, LLC ("Old Fun Spot"), is the predecessor in interest of New Fun Spot.

8.    Old Fun Spot owned all ownership interests in New Fun Spot in the period immediately prior to October 31, 2018.

9.    Prior to October 31, 2018, Adams operated Old Fun Spot, which conducted the same type of business as New Fun Spot.

2

10.    On October 31, 2018, pursuant to the PSA executed on that date, Old Fun Spot contributed substantially all of its assets to New Fun Spot, and Old Fun Spot sold all the ownership interests in New Fun Spot to ABEO.

11.    Old Fun Spot contributed assets pursuant to a Contribution, Assignment and Assumption Agreement between Old Fun Spot and New Fun Spot, dated as of October 31, 2018, under which all contracts and contract rights of Old Fun Spot were assigned to New Fun Spot.

12.    Section 7.02 of the PSA ("PSA Indemnity Provision") requires Adams to indemnify New Fun Spot against personal-injury claims asserted against it related to any equipment sold to the Parks prior to October 31, 2018.

13.    Section 7.05 (a) of the PSA requires ABEO to provide Adams "prompt written notice" of all claims asserted against it with respect to which it will seek indemnification from Adams pursuant to the PSA Indemnity Provision.

14.     Section 7.05 (a) of the PSA requires ABEO and Adams to "cooperate with each other in all reasonable respects in connection with the defense of any Third Party Claim . . . ."

15.    Section 7.05 (a) of the PSA further provides:

> Whether or not the Indemnifying Party shall have assumed the defense of a Third Party Claim, the Indemnified Party shall not admit any liability with respect to, or settle, compromise or discharge, such Third Party Claim without the Indemnifying

> Party's prior written consent (which consent shall not be
> unreasonably withheld, conditioned or delayed).

16.     Since October 31, 2018, on several occasions, ABEO (on behalf of New Fun Spot) has demanded that Adams indemnify it against personal-injury claims pursuant to the PSA Indemnity Provision.

17.     Adams has paid settlements and attorney's fees as demanded by ABEO.

18.     The standard sales terms and conditions pursuant to which the Parks purchased trampoline systems and equipment from Old Fun Spot included an indemnity provision ("Park Indemnity Provision") requiring the Parks to indemnify Old Fun Spot against liability resulting from personal-injury claims asserted by patrons of the Parks.

19.     Adams, while paying settlements and attorney's fees, at the request of ABEO, repeatedly requested that ABEO mitigate its losses by enforcing its rights against the Parks pursuant to the Park Indemnity Provisions of the equipment sales agreements that were assigned by Old Fun Spot to New Fun Spot.

20.     Adams has repeatedly requested that ABEO provide him information about the personal-injury lawsuits.

21.     Adams has repeatedly requested that ABEO keep him informed of the progress of personal-injury lawsuits and not to settle those lawsuits without consulting with him first.

4

22.     Adams has requested ABEO to assess which of its customer Parks include arbitration clauses in their customer-waiver forms and to encourage those who do not have such arbitration provisions in their customer-waiver forms to insert such provisions.

23.     Adams has volunteered to conduct this assessment himself if provided with the necessary records.

24.     ABEO has refused to enforce its rights pursuant to the Park Indemnity Provision of the equipment sales agreements.

25.     ABEO has refused to provide requested information about the personal-injury lawsuits to Adams.

26.     ABEO has settled several personal-injury lawsuits without prior notification to Adams and without obtaining Adams' consent thereto.

27.     ABEO has not conducted any assessment of which Parks include arbitration clauses in their customer waiver forms and has not given Adams the necessary information to enable him to do the assessment himself.

**COUNT I - DECLARATORY JUDGMENT**

28.     The Parties have a present dispute concerning their rights and obligations under the PSA.

29.    As a result of the Parties' uncertainty, this matter constitutes an actual controversy between the Parties.

30.    Adams seeks a declaration regarding the Parties' rights and obligations under the PSA that:

    a.  ABEO has a duty to mitigate its damages by exercising its rights under the Park Indemnity Provisions to seek indemnity from the Parks for all claims made against ABEO (or New Fun Spot) arising from or related to equipment sold to the Parks prior to October 31, 2018;

    b.  Adams has no duty to indemnify ABEO against claims with respect to which ABEO failed to exercise its rights to indemnity from the Parks pursuant to the Park Indemnity Provisions;

    c.  Adams has no duty to indemnify ABEO against losses resulting from settlement of claims for which no written consent was obtained from Adams; and

    d.  Adams has no duty to indemnify ABEO against claims about which ABEO refused to share information with Adams, or otherwise fully cooperate with Adams' efforts to mitigate damages.

## COUNT II – BREACH OF CONTRACT

31.    ABEO is in breach of contract, including but not limited to Section 7.05(a) of the PSA, for settling personal-injury claims without the knowledge or consent of Adams.

32.    ABEO's breach caused damages to Adams in the amount of the fees and damages Adams paid ostensibly under the PSA Indemnity Provision.

## COUNT III – BREACH OF CONTRACT

33.    ABEO is in breach of contract, including but not limited to Section 7.05(a) of the PSA, for failing to give prompt written notice to Adams of claims against which ABEO later sought indemnification from Adams.

34.    ABEO's breach caused damages to Adams in the amount of the fees and damages Adams paid ostensibly under the PSA Indemnity Provision.

## COUNT IV – BREACH OF CONTRACT

35.    ABEO is in breach of contract, including but not limited to Section 7.05(a) of the PSA, for failing to cooperate with Adams by taking reasonable measures to mitigate its damages.

36.    ABEO failed to cooperate with Adams by refusing to share information about pending personal-injury claims.

37.    ABEO failed to cooperate with Adams by refusing to encourage the Parks to insert arbitration clauses into their customer waivers.

38.    ABEO's breach caused damages to Adams in the amount of the fees and damages Adams paid ostensibly under the PSA Indemnity Provision.

WHEREFORE, Adams prays for relief as follows:

(a) That the judgment on this Complaint be entered against ABEO;

(b) That Adams recover all damages asserted herein and as may be demonstrated at trial, including interest;

(c) That Adams recover his attorney's fees and costs of litigation in connection with this civil action; and

(d) That Adams have such other and further relief as this Court may deem just and proper.

Submitted this 25th day of May 2021.

/s/ David R. Cook
David R. Cook
Georgia Bar No. 435130
cook@ahclaw.com
Alan G. Paulk
Georgia Bar No. 567797
paulk@ahclaw.com

Autry, Hall & Cook, LLP
3330 Cumberland Boulevard, Ste. 185
Atlanta, Georgia 30339
Telephone: (770) 818-4442
*Attorneys for Arch Adams*